IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jessie Traylor, ) <br> ) <br>     Petitioner, ) <br> ) <br> v. ) <br> ) <br> Stevie Knight, *Warden*; Melissa ) <br> Forsyth, *Camp Administrator*, ) <br> ) <br>     Respondents. ) <br> _____) | Civil Action No. 0:21-cv-150-BHH <br><br> **<u>ORDER</u>** |

    This matter is before the Court on Petitioner Jessie Traylor's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On April 15, 2021, Respondents filed a motion to dismiss, to which Petitioner filed a response in opposition. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

    On May 7, 2021, Magistrate Judge Paige J. Gossett filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Respondents' motion to dismiss in large part based on the Fourth Circuit's decision in *United States v. Surratt*, 855 F.3d 218 (4th Cir. 2017), where the court held that the President's commutation of a federal prisoner's mandatory life sentence to a term of 200 months' imprisonment rendered moot the prisoner's appeal in an action challenging the original mandatory life sentence.

    Petitioner filed objections to the Magistrate Judge's Report, arguing that the cases relied upon by the Magistrate Judge do not involve alleged intervening changes in controlling law and that *Surratt* does not control the outcome of his case. Petitioner asserts

that he is seeking relief based on new statutory authority and he objects to the Magistrate Judge's conclusion that the Court lacks jurisdiction to consider his claim.

After review, the Court is not persuaded by Petitioner's objections, and the Court agrees with the Magistrate Judge that, pursuant to *Surratt*, the Court is without jurisdiction to address Petitioner's habeas corpus application. In *Surratt*, Surratt received a mandatory life sentence for his drug-trafficking conspiracy conviction based on four prior drug convictions, which, at the time, qualified as enhancing predicates. After Surratt's conviction became final and after his first § 2255 motion was rejected, the Fourth Circuit overruled the precedent under which Surratt's prior convictions qualified as enhancing predicates triggering a mandatory life sentence. *See United States v. Simmons*, 649 F.3d 237 (4 th Cir. 2011) (en banc). Surratt then filed a habeas corpus petitioner pursuant to § 2241, and while that petition was pending the President of the United States commuted his life sentence to a term of 200 months' imprisonment. Ultimately, the Fourth Circuit held that the Presidential commutation of Surratt's sentence rendered his petition moot, with the majority concluding that the court could not disturb Surratt's presidentially commuted sentence based on a claim that Surratt was improperly subjected to a mandatory minimum life sentence at his original sentencing. *Surratt*, 855 F.3d at 219. As Judge Wilkinson explained in his concurring opinion, "[a]bsent some constitutional infirmity in the commutation order, which is not present here, we may not readjust or rescind what the President, in the exercise of his pardon power, has done." *Id.*

Here, similar to *Surratt*, Petitioner challenges his original sentence because one of the prior convictions used to enhance his sentence under former 21 U.S.C. § 841 no longer qualifies as a predicate offense. As the Magistrate Judge explained, however, on January

17, 2017, the President of the United States commuted Petitioner's total sentence to a term of 240 months' imprisonment. *Traylor*, 2:08-cr-20036 (C.D. Ill. Dkt. No. 147). Thus, Petitioner is "no longer serving a judicially imposed sentence, but a presidentially commuted one." *Surratt*, 855 F.3d at 220 (Wilkinson, J., concurring). Ultimately, therefore, as in *Surratt*, the President's commutation renders moot Petitioner's claim that his original sentence is unlawful, and this Court lacks jurisdiction to consider Petitioner's claim. *See also Blount v. Clarke*, 890 F.3d 456, 462-63 (4th Cir. 2018) (finding that the district court erred as a matter of law in failing to apply *Surratt* and by failing to conclude that it lacked jurisdiction to consider Blount's habeas corpus application); and *Holmes v. United States*, No. 9:04-cr-429, 2019 WL 4689237, *2 (D.S.C. Sept. 26, 2019) (finding a § 2255 motion moot due to a presidential commutation and explaining that the court "was not free to decline to follow *Surratt*"). Accordingly, it is hereby

**ORDERED** that the Magistrate Judge's Report (ECF No. 16) is adopted and specifically incorporated; Petitioner's objections (ECF No. 18) are overruled; Respondents' motion to dismiss (ECF No. 10) is granted; and this action is dismissed without prejudice.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks

November 17, 2021
Charleston, South Carolina

3